# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50234 | **DATE** | 12/5/2012 |
| **CASE TITLE** | Dominguez v. Anderson Packaging, Inc. | | |

**DOCKET ENTRY TEXT:**

Defendant's motion to dismiss [9] is granted. This case is closed.

■[ For further details see text below.]

Docketing to mail notices.

---

     Plaintiff, Aldo Dominguez, filed an employment discrimination claim against defendant, his former employer, Anderson Packaging, Inc. ("Anderson"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Before the court is Anderson's motion to dismiss, asserting that Dominguez is judicially estopped from bringing his claim because Dominguez failed to include his claim as an asset in his Chapter 7 bankruptcy filing. For the reasons which follow, the court concludes that plaintiff lacks standing to pursue his employment discrimination claims. Consequently, defendant's motion to dismiss is granted.

## I. BACKGROUND

     Dominguez claims that, on account of his Mexican race and national origin, Anderson underpaid him when compared to white coworkers with less experience and denied him training and advancement opportunities. On May 2, 2011, Dominguez signed and properly filed his claim with the Equal Employment Opportunity Commission ("EEOC"), which issued him a right-to-sue notice on March 28, 2012. In that filing, Dominguez alleged that he had been subject to the discrimination over "the last several years." He initiated the instant action on June 25, 2012.

     Earlier, in January 2011, Dominguez petitioned for Chapter 7 Bankruptcy protections from the United States Bankruptcy Court of this district. On May 3, 2011, the day after Dominguez signed his EEOC claim, the bankruptcy court discharged $151,917.35 of debt following the bankruptcy trustee's report indicating that Dominguez had no assets to distribute. At no time during the pendency of the Chapter 7 proceedings did Dominguez ever inform the trustee of his claims against Anderson. Instead, he signed and swore under penalty of perjury on a number of occasions that he had no outstanding, contingent claims against any person which could be used to pay his creditors. All of these facts are drawn from the documents filed in Dominguez's bankruptcy, of which this court takes judicial notice. See In re Consol. Indus. Corp., 397 F.3d 524, 527 (7th Cir. 2005).

     After Dominguez filed his complaint in the instant action, Anderson filed its answer to the complaint and a motion to dismiss on the pleadings under Federal Rule of Civil Procedure 12(c). In the answer, Dominguez asserted two alternative affirmative defenses— (1) that Dominguez lacks standing to bring the suit because the claim belongs to his bankruptcy estate and (2) that Dominguez should be judicially estopped from bringing his

claim where he swore to the bankruptcy court that he had no outstanding claims. A few days after Anderson's answer and motion to dismiss, the trustee for Dominguez's bankruptcy estate successfully petitioned the bankruptcy court to reopen his bankruptcy proceedings to permit him to amend his schedules to include the Title VII claims. Dominguez's only response to Anderson's motion was a one-page opposition that merely noted that the bankruptcy case had been reopened.

## II. ANALYSIS

In its motion, Anderson primarily relies on its argument that Dominguez should be judicially estopped from bringing his Title VII claims. Specifically, Anderson argues that because Dominguez knew his claims existed at the time of his bankruptcy proceedings and yet took the contradictory position before the bankruptcy court that he had no other claims, this court should dismiss Dominguez's complaint. Judicial estoppel precludes parties from abandoning positions taken in earlier litigation. Himel v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi., 596 F.2d 205, 210 (7th Cir. 1979). However, in Cannon-Stokes v. Potter, the Seventh Circuit cautioned that "[j]udicial estoppel is an equitable doctrine, and it is not equitable to employ it to injure creditors who are themselves victims of the debtor's deceit." 453 F.3d 446, 448 (7th Cir. 2006). Here, because the trustee has not abandoned these claims—indeed the trustee petitioned the court and had the bankruptcy reopened—the creditors may still be able to recover debts owed to them by plaintiff, if his claims have merit. See Biesek v. Soo Line R.R. Co., 440 F.3d 410, 413 (7th Cir. 2006). Therefore, judicial estoppel is inapplicable at this stage of the litigation, as it could produce an inequitable result for Dominguez's creditors. Hoseman v. Weinschneider, 322 F.3d 468, 475 (7th Cir. 2003) (stating that, "compliance with the Bankruptcy Code's abandonment provisions is meant to ensure the fair treatment of creditors"). If the claims revert back to plaintiff via the bankruptcy court, then judicial estoppel may become a viable defense.

However, it is clear based on the record in this case, as well as plaintiff's bankruptcy court file, that Dominguez lacks standing to bring the instant claims. The burden is on plaintiff to prove he has standing to bring his claims. Back v. Carter, 933 F. Supp. 738, 748 (N.D. Ind. 1996). "Unless the [bankruptcy] court orders otherwise, property of the estate that is not abandoned . . . and that is not administered in the case, remains property of the estate." 11 U.S.C. § 554(d); see also In re Yonikus, 996 F.2d 866, 869 (7th Cir. 1993) (noting that, upon filing for bankruptcy virtually all property of the debtor becomes part of the estate including all the debtor's interests, legal and equitable). The United States Code and case law establish that in bankruptcy the estate, and not the debtor, owns all pre-bankruptcy claims and thus the bankruptcy trustee is the only party with standing to sue on those claims. See 11 U.S.C. § 541(a)(1); see also Cannon-Stokes, 453 F.3d at 448. A debtor cannot bring a claim which the trustee of her bankruptcy estate has not demonstrably abandoned. In re Thomas, 204 F.2d 788, 792-93 (7th Cir. 1953); see also Morlan v. Universal Guar. Life Ins. Co., 298 F.3d 609, 618 (7th Cir. 2002). Given the trustee's filings in the bankruptcy case concerning this claim, it is clear that he has not abandoned the claim. Accordingly, Dominguez lacks standing to bring the instant suit because the suit is the property of his bankruptcy estate.

## III. CONCLUSION

Judicial estoppel is not yet applicable since it would be inequitable to bar plaintiff's creditors from a potential recovery. The trustee of plaintiff's bankruptcy estate is the only party with standing to bring his employment discrimination claims. The burden is on plaintiff to prove he has standing, that burden has not been met; therefore, defendant's motion to dismiss is granted.