# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50234 | **DATE** | 3/15/2013 |
| **CASE TITLE** | Dominguez v. Anderson Packaging, Inc. | | |

**DOCKET ENTRY TEXT:**

Bernard J. Natale's motion to reopen and substitute plaintiff [24] is granted. The clerk is directed to substitute Natale's name into the caption. The case is reopened.

■[ For further details see text below.]

Docketing to mail notices.

---

Aldo Dominguez, the named plaintiff in the complaint who initiated this case, alleges that defendant, Anderson Packaging, Inc., discriminated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. However, on December 5, 2012, this court found that Dominguez' claims accrued prior to, and during, his declaration of, and subsequent discharge under, Chapter 7 Bankruptcy. The court ruled that the claim against defendant was property of the bankruptcy estate such that it could only be brought by, and in the name of, the bankruptcy trustee. Accordingly, the court dismissed this case for lack of standing. Currently before the court is a motion by the bankruptcy trustee, Bernard J. Natale, to reopen the case and substitute his name as plaintiff so that he may attempt to collect on the potential asset and distribute its proceeds to Dominguez' creditors. Defendant objects, arguing that the trustee was aware of this case for several months before moving to substitute himself—including during the litigation concerning the motion to dismiss—and therefore this court should deny the motion based on the delay. For the reasons that follow, the court grants the trustee's motion.

In this court's previous order, it first considered whether to dismiss the case with prejudice based on judicial estoppel. Judicial estoppel precludes parties from abandoning positions taken in earlier litigation. Himel v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi., 596 F.2d 205, 210 (7th Cir. 1979). Because Dominguez had previously indicated in his bankruptcy that he had no other assets, thereby neglecting to mention the current litigation, defendant had raised judicial estoppel, along with standing, in its answer and motion to dismiss on the pleadings. Nevertheless, the court noted that "[j]udicial estoppel is an equitable doctrine, and it is not equitable to employ it to injure creditors who are themselves victims of the debtor's deceit." Cannon-Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006). Instead, the court limited its holding to finding that Dominguez himself lacked standing to pursue the case and dismissed his claims to permit the trustee to determine how to handle the estate's property so as to best protect the interests of the creditors.

Now, the trustee has filed a motion to alter the dismissal and to substitute himself as the plaintiff. Although the court understands and shares defendant's frustration over the delay caused by the trustee's failure to intervene prior to the motion to dismiss, it would be inequitable to Dominguez' creditors to bar the suit based on the relatively short delay caused by the trustee's failure. Indeed, the court notes that when the trustee filed the motion to alter the judgment, the statute of limitations on the suit had not yet run, although defendant contests

that it has run at this point. Because the trustee could have simply filed a separate suit that day with himself as the plaintiff rather than move to alter the judgment, the court sees no point in arguing over which procedural device should be used to move the case forward. In short, the court dismissed the case because the wrong plaintiff brought it, and while still within time to file a separate suit and start all over again, the correct plaintiff sought to intervene and reopen the case. This both cures the defect in standing highlighted in the court's previous order and effectuates a solution that protects the creditors in an equitable way. In light of the foregoing, the equities clearly weigh in favor of reopening the case and permitting the litigation to go forward. Accordingly, the trustee's motion is granted.